IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN WAYNE BONILLA,<br><br>            Plaintiff,<br><br>   v.<br><br>FLOY E. DAWSON,<br><br>            Defendant.                      / | No. C 12-0627 CW (PR)<br><br>ORDER OF DISMISSAL;<br>DENYING MOTION FOR<br>DECLARATORY JUDGMENT;<br>DENYING MOTION TO DISMISS<br>AS MOOT<br><br>(Docket nos. 11 & 12) |

Plaintiff, a state prisoner incarcerated at San Quentin State Prison, filed this civil action in the San Francisco County Superior Court.

Defendant Floy E. Dawson removed the action to this Court pursuant to 28 U.S.C. § 1442.  Dawson is a former Assistant United States Attorney.  He is represented by Assistant United States Attorney Abraham A. Simmons, who has filed a motion to dismiss the complaint.

Because this action was filed by a prisoner, the Court must engage in a preliminary screening of the complaint to determine whether Plaintiff's allegations state cognizable claims for relief. 28 U.S.C. § 1915A(a).

For the reasons discussed below, the complaint is dismissed for failure to state a cognizable claim for relief and the motion to dismiss is denied as moot.

## STANDARD OF REVIEW

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and

dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. Id. § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

## DISCUSSION

Plaintiff alleges that in 1988, Dawson, who at the time was an Assistant United States Attorney in the Northern District of California, conspired with the FBI to fabricate a story that phone records implicating Plaintiff in the murder of his business partner had been obtained lawfully in connection with a federal grand jury investigation. According to Plaintiff, the records were obtained illegally. Plaintiff further alleges that Dawson disclosed the phone records to the Alameda County District Attorney's Office, which used them to obtain his conviction. Plaintiff seeks damages from Dawson for participating in a civil conspiracy to convict him.

When liberally construed, Plaintiff's allegations arguably assert a claim for relief under Bivens v. Six Unknown Named Agents, 403 U.S. 388, 392-97 (1971), which provides for a private cause of action under the Constitution for allegations of constitutional violations made against federal employees, and/or under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) (FTCA), which provides district courts with exclusive jurisdiction over civil actions for money damages "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee" of the federal government while acting within the scope of his office or employment. 28 U.S.C. § 1346(b).

Plaintiff's allegations fail to state a cognizable claim for relief under Bivens or the FTCA, however, because the relief he seeks is barred by the holding of Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Supreme Court, addressing a claim for damages brought under 42 U.S.C. § 1983, held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" a § 1983 plaintiff must prove that the conviction or sentence has been invalidated previously. Id. at 486-87. The Ninth Circuit has extended the rationale of Heck to cases brought under Bivens and the FTCA. See Martin v. Sias, 88 F.3d 774, 775 (9th Cir. 1996) (Bivens); Erlin v. United States, 364 F.3d 1127, 1133 (9th Cir. 2004) (FTCA).

Plaintiff here seeks damages for actions taken by Dawson that allegedly resulted in Plaintiff's unlawful arrest, imprisonment, prosecution and conviction. Under Heck, however, no cause of action for damages has yet accrued, and any such claims are barred until Plaintiff's conviction has been invalidated. See Guerrero v. Gates, 442 F.3d 697, 703 (9th Cir. 2006) (Heck barred plaintiff's claims of wrongful arrest, malicious prosecution and conspiracy among police officers to bring false charges against him); Cabrera v. City of Huntington Park, 159 F.3d 374, 380 (9th Cir. 1998) (Heck barred plaintiff's false arrest and imprisonment claims until conviction was invalidated); Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996) (Heck barred plaintiff's claims that defendants lacked probable cause to arrest him and brought unfounded criminal charges against him).

//

1    As Heck applies to Plaintiff's claims whether they arise under
2 Bivens or the FTCA, the present action is DISMISSED under 28 U.S.C.
3 § 1915A because it fails to state a claim upon which relief may be
4 granted.  The dismissal is without prejudice to Plaintiff
5 reasserting his claim for damages in a new action once a cause of
6 action has accrued.[1]
7    In view of the above, Defendant's motion to dismiss the
8 complaint is DENIED as moot.
9    The Clerk of the Court shall enter judgment and close the
10 file.
11    This Order terminates Docket nos. 11 and 12.
12    IT IS SO ORDERED.

Dated: 8/7/2012

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff also has filed a request for a declaratory judgment that his constitutional rights were violated as the result of prosecutorial misconduct in his state criminal proceedings.  This request is not properly brought in this action against a federal actor for damages; as the Court has explained previously to Plaintiff in several orders, any claim that he is entitled to "immediate or speedier release" from confinement may be asserted only in a petition for a writ of habeas corpus.  At this time, Plaintiff is precluded from having the Court consider any pro se habeas challenge to his conviction because counsel has been appointed to represent him in his pending federal habeas action. See Bonilla v. Ayers, C 08-0471 CW, Docket no. 129.